**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Beshears, | No. CV-07-00292-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Provident Life and Accident Insurance Company, a foreign corporation; and Unum-Provident Corporation, a foreign corporation, | |
| Defendants. | |

Defendants have filed a motion to dismiss three claims in Plaintiff's complaint. Dkt. #14. The Court has reviewed the memoranda submitted by the parties. Dkt. ##14-16. For the reasons discussed below, the Court will grant the motion to dismiss.

**I.      Background.**

In 1993, Plaintiff purchased from Defendants a disability insurance policy for benefits if he became (1) unable to do one or more of his substantial and material business duties, (2) received appropriate care from a physician, and (3) proved a monthly income loss of at least 20%. Dkt. #1, Ex. 2. The policy provided that Plaintiff must meet these requirements for an Elimination Period of 180 days before he would begin receiving payments. *Id*. Defendants acknowledge that Plaintiff is now disabled and are paying him benefits. *Id*. ¶ 26. The parties disagree, however, on when the Elimination Period expired. Plaintiff claims he

was denied benefits for a period of at least 12 months and is owed a minimum of $72,000 plus interest. *Id.*

Plaintiff's complaint does not enumerate each count against Defendants, but includes claims for breach of contract, common law fraud, negligent misrepresentation, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, violation of the Arizona Consumer Fraud Act ("ACFA") (codified at A.R.S. §§ 44-1521 *et seq.*), and racketeering in violation of A.R.S. § 13-2312. *Id.* at ¶¶ 59-73. Defendants move to dismiss the claims for common-law fraud and violation of A.R.S. § 13-2312 under Rule 9(b) of the Federal Rules of Civil Procedure, and the ACFA claim under Rules 9(b) and 12(b)(6). Dkt. #14.

## II. Discussion.

### 1. Common Law Fraud.

To prevail on a fraud claim under Arizona law, a claimant must show:

> 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of the representation's falsity or ignorance of its truth; 5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on its truth; 8) the right to rely on it; and 9) his consequent and proximate injury.

*Echols v. Beauty Built Homes*, 647 P.2d 629, 631 (Ariz. 1982); *see Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000).

Defendants argue that Plaintiff failed to plead his fraud claim with the particularity required by Rule 9(b). Under this rule, a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."); *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.").

Plaintiff's complaint alleges that "Defendants made material misrepresentations to the Plaintiff in 1993 when he purchased his policy" and that "Defendants defrauded the Plaintiff

- 2 -

1 by informing him when he purchased the Policy that he would be paid disability benefits as
2 soon as the Elimination Period expired." Dkt. #1 ¶¶ 31, 61.  These allegations do not satisfy
3 the particularity requirements of Rule 9(b).  They do not allege which employee or type of
4 employee made fraudulent statements to Plaintiff before he purchased his policy.  While
5 Plaintiff's response asserts that fraudulent statements were made by Defendants' "agents,
6 including Brian P. Chabot" (Dkt. #15 at 6), the complaint itself does not include these
7 allegations.  Additionally, the complaint fails to allege which Defendant made which
8 fraudulent statements.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("In the
9 context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify
10 the role of each defendant in the alleged fraudulent scheme.") (internal quotations and
11 alterations omitted). Although Defendant UnumProvident Corporation is the parent company
12 of Defendant Provident Life and Accident Insurance Company, Plaintiff alleges that the
13 fraudulent actions "were committed by employees of both corporations acting within the
14 course and scope of their employment with both companies." Dkt. #1 at 1-2.  Plaintiff must
15 therefore describe which Defendant took which allegedly fraudulent action.

16 The complaint also fails to describe the content of the alleged misrepresentations and
17 why they were false.  "To meet the Rule 9(b) particularity requirement, a plaintiff must set
18 forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set
19 forth what is false or misleading about a statement, and why it is false." *Orthologic Corp.*
20 *v. Columbia/HCA Healthcare Corp.*, No. CIV 01-0006-PHX-SRB, 2002 WL 1331735 at *2
21 (D. Ariz. Jan. 7, 2002) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir.
22 1999)); *see also Williamson v. Allstate Insurance Co.* 204 F.R.D. 641, 645 (D. Ariz. 2001)
23 (dismissing counts of fraud when Plaintiff failed to set forth the content of alleged
24 misrepresentations or why they were false).

25 Plaintiff only once refers to an allegedly fraudulent statement made before he
26 purchased his policy – that Defendants told him he would receive disability benefits upon
27 expiration of the Elimination Period.  Dkt. #1 ¶ 31.  But Plaintiff never explains the details
28 behind this statement, including its content, how it was communicated, or why it was false.

- 3 -

Plaintiff's complaint identifies a disagreement about the date the Elimination Period started, an issue that will be addressed in the breach of contract claim, but it does not plead fraud with particularity.

Plaintiff argues that he could not have pled with more specificity because "Defendant insurance companies have the claim file that they have not yet disclosed to Beshears[.]" Dkt. #15 at 4 (citing *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (stating that a plaintiff in an insider-trading case was not expected to "plead with the specificity Rule 9(b) requires without allowing some limited opportunity for discovery")). Plaintiff apparently believes that he may satisfy Rule 9(b) by alleging that the necessary information lies in the Defendants' exclusive control. *Id*. at 4-5 (citing *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 285 (3d Cir. 1992); *United States ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987)). But Plaintiff, as the recipient of the allegedly fraudulent statements and the person who relied on them, should be able to describe the statements, who made them, and why they were false. In any event, Plaintiff's complaint does not allege that Defendants have exclusive control of information Plaintiff needs to plead his claim, a necessary allegation under his own cases. *See Shapiro*, 964 F.2d at 285. Nor does Plaintiff explain why the claim file, which includes claim-related documents that arose a decade after the policy was issued, is likely to contain information about statements made by Defendants before the policy was issued.[1]

**2.     Consumer Fraud.**

Defendants argue that Plaintiff's ACFA claim is insufficient for the same reasons as the common law fraud claim. Dkt. #14 at 8. The required elements of a private ACFA claim are "a false promise or misrepresentation made in connection with the sale or advertisement

---

[1] Plaintiff's complaint alleges that Defendants made false statements "when he purchased his policy, and in subsequent years after the Policy was already in effect." Dkt. #1, ¶ 61. Plaintiff never specifies these subsequent statements, but they could not have been relied upon by Plaintiff in entering into the policy, a necessary requirement of fraud.

- 4 -

1    of merchandise and the hearer's consequent and proximate injury." *Holeman v. Neils*, 803
2    F.Supp. 237, 242 (D. Ariz. 1992). The particularity requirement of Rule 9(b) applies to
3    ACFA claims. *Williamson*, 204 F.R.D. at 643-44. For the reasons discussed above, Plaintiff
4    has not described the allegedly false promises or misrepresentations with the particularity
5    required by Rule 9(b). The Court will therefore dismiss the ACFA claim.

### 3.  Racketeering.

7    Plaintiff asserts that "Defendants engaged in racketeering . . . in violation of A.R.S.
8    § 13-2312, by denying Plaintiff's disability benefits and similarly denying other insureds'
9    disability benefits," and that Defendants "have a history of wrongfully denying disability
10   income benefits to their insureds throughout the country." Dkt. #1 ¶ 71. Defendants argue
11   that the statute cited in the complaint is criminal and does not create a private right of action,
12   noting that Plaintiff presumably meant to assert his claim under A.R.S. § 13-2314.04, which
13   creates a civil cause of action and requires particularity in pleading. A.R.S. § 13-2314.04(R)
14   ("If any pleading, motion or other paper includes an averment of fraud or coercion, it shall
15   state these circumstances with particularity with respect to each defendant.").

16   Plaintiff concedes that the racketeering claim should have been brought under A.R.S.
17   § 13-2314.04, analogizes Arizona's racketeering statute to federal RICO statutes, and argues
18   that his claim should not be dismissed when he has had no opportunity for discovery. Dkt.
19   #15 at 10 (citing *Hurst v. Sears, Roebuck & Co.*, 613 F.Supp. 1210 (D.C. Pa. 1985)).
20   Plaintiff also cites *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742
21   F.2d 786 (3d Cir. 1984), for the proposition that a plaintiff alleging a racketeering claim need
22   not allege the "date, place, or time" to satisfy the particularity requirements of Rule 9(b).

23   For the reasons discussed above, Plaintiff has failed to plead his racketeering-related
24   allegations of fraud with particularity. He has also failed to state any basis for his allegation
25   that "Defendants have a history of wrongfully denying disability income benefits to their
26   insureds throughout the country." Dkt. #1 ¶ 71. Plaintiff's complaint therefore fails to
27   satisfy the particularity requirements of A.R.S. § 13-2314.04.

1 **IT IS ORDERED** that Defendants' Motion to Dismiss (Dkt. #14) is **granted**.
2 Plaintiff's Complaint (Dkt. #1) is dismissed in part as set forth above.

3 DATED this 14th day of May, 2007.

*David G. Campbell*
David G. Campbell
United States District Judge